UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN JARAMILLO, | Case No. CV 09-4809 JC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

I. **SUMMARY**

On July 8, 2009, plaintiff Evelyn Jaramillo ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have filed a consent to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; July 10, 2009 Case Management Order ¶ 5.

1  Based on the record as a whole and the applicable law, the decision of the
2  Commissioner is AFFIRMED. The findings of the Administrative Law Judge
3  ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On July 21, 2006, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 15). Plaintiff asserted that she became disabled on June 26, 2006, due to fibromyalgia, panic attacks, lupus, scoliosis, bone spurs, constant pain, depression, and emotional problems. (AR 19 (citing Exhibit 2E [AR 134-40])). The ALJ examined the medical record and heard testimony from plaintiff, who was represented by counsel, on October 20, 2008. (AR 30-63).

On January 13, 2009, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 15-25). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: obesity, fibromyalgia, lupus, moderately advanced osteoarthritis of the left knee, scoliosis, a substance-induced mood disorder, heroin dependence in remission, and a panic disorder by history (AR 17); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 17); (3) plaintiff retained the residual functional capacity to perform light work with certain limitations (AR 18);[2] (4) plaintiff had no past relevant work (AR 23);

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

[2] Specifically, the ALJ determined that plaintiff "has the residual functional capacity to perform light work . . . except out of an 8-hour period, [plaintiff] can stand and/or walk for 2 hours. Postural limitations (i.e., climbing ramps/stairs, balancing, stooping, kneeling, crouching

(continued...)

2

and (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically electronics worker, sewing machine operator, and assembler (AR 24).

The Appeals Council denied plaintiff's application for review. (AR 1-3).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R.

---

[2](...continued)
and crawling) could be done on an occasional basis. [Plaintiff] could not climb ladders, ropes or scaffolds. She should avoid even moderate exposure to extreme cold. Mentally, she can perform simple, repetitive tasks in a nonpublic environment with no more than superficial contact with co-workers in a habitual environment." (AR 18).

3

Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform her past relevant work?[3] If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

**B. Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

---

[3] Residual functional capacity is "what [one] can still do despite [one's] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. § 416.945(a).

4

953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff argues that the ALJ erred by allegedly ignoring "pertinent portions" of the opinion of examining psychiatrist Dr. Andrew Rooks "without articulating [a] rationale for doing so." (Plaintiff's Motion at 5). The Court disagrees.

To reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id.

Plaintiff faults the ALJ for allegedly rejecting two of Dr. Rooks's opinions: 1) plaintiff's "diagnosis of antisocial personality and . . . probable ADHD would probably interrupt her ability to persistently complete a normal work week"; and 2) plaintiff's "stress tolerance is poor. She would have difficulty dealing with significant changes in the work situation." (Plaintiff's Motion at 7; AR 263). The ALJ's failure explicitly to mention these statements does not mean he rejected Dr. Rooks's opinions. The ALJ found that plaintiff must work "in a nonpublic environment with no more than superficial contact with co-workers," suggesting he accepted Dr. Rooks's opinion that plaintiff's antisocial personality could disrupt a normal work week. (AR 18). Similarly, the ALJ found that plaintiff was limited to "perform[ing] simple, repetitive tasks . . . in a habitual environment," suggesting he credited Dr. Rooks's opinion that plaintiff has poor stress tolerance and would have difficulty tolerating change in the workplace. (AR 18). In light of these findings, the Court cannot conclude that the ALJ rejected Dr. Rooks's opinions. Plaintiff does not address these findings and appears to base her argument on the ALJ's failure to recite Dr. Rooks's opinions verbatim. An ALJ is

5

not required to mechanically copy the language of a physician whose opinion he credits when setting forth a claimant's residual functional capacity. Instead, residual functional capacity is an administrative finding "based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence."  Social Security Ruling ("SSR") 96-5p[4] (further explaining that "a medical source statement must not be equated with the administrative finding known as the [residual functional capacity] assessment"). Moreover, the ALJ stated that he gave "great weight to the opinion of the psychiatric consultative examiners," and added that "[t]he examinations were performed by Board certified psychiatrists who performed a comprehensive examination of the claimant and their findings are supported by their objective findings." (AR 22). The ALJ did not reject Dr. Rooks's opinions.

Even assuming the ALJ erred in not expressly discussing some of Dr. Rooks's opinions, such error was harmless. Dr. Rooks stated that he "doubt[ed] [plaintiff] has ever had any significant desire to be gainfully employed," and concluded that "[i]n spite of her alleged depression and alleged psychiatric problems, I believe she is able to maintain regular attendance, and perform work activities on a consistent basis." (AR 262-63). Similarly, the other examining psychiatrist found that "there is no mental restriction in claimant's occupational and social functioning" and concluded that plaintiff's "psychiatric limitations are none to mild." (AR 232). Both of the examining internists concluded that plaintiff's physical impairments were not disabling. (See AR 20-21, 214-19, 273-77). The ALJ accurately summarized and properly evaluated the evidence in reaching his determination that plaintiff is not disabled. (See AR 18-23). Thus,

---

[4]Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1272, 1275 n.1 (9th Cir. 1990). Such rulings reflect the official interpretation of the Social Security Administration are entitled to some deference as long as they are consistent with the Social Security Act and regulations. Massachi v. Astrue, 486 F.3d 1149, 1152 n.6 (9th Cir. 2007) (citing SSR 00-4p).

6

"the ALJ's error, if any indeed existed, was inconsequential to the ultimate nondisability determination" and therefore harmless. See Stout, 454 F.3d at 1055.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 19, 2010

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE